UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA            :
                                    :
v.                                  :         **ORDER**
                                    :
                                    :         S2 14 CR 768-8 (VB)
KEVIN WILTSHIRE,                    :
                    Defendant.      :
--------------------------------------------------------------x

Defendant Kevin Wiltshire moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), making the following arguments: at the time of his offense he was only 18 or 19 years old; his conditions of confinement during the COVID-19 pandemic have been unduly harsh; he has made substantial efforts to rehabilitate himself while in prison; and the use of federal racketeering laws to prosecute his crimes was unjust and resulted in an unduly long and unfair sentence.[1]

For the reasons set forth below, the motion is DENIED.

Wiltshire—a member of a violent street gang in Yonkers, New York—pleaded guilty on May 4, 2017, to conspiracy to participate in the affairs of a racketeering enterprise (Count One), use of a firearm in furtherance of a crime of violence (namely, the racketeering conspiracy) (Count Two), and use of a firearm to commit murder in furtherance of a crime of violence (namely, murder in aid of racketeering) (Count Four). Wiltshire admitted he agreed with others to participate in the gang's activities, and that as part of those activities he shot and killed Andre Folsom and also personally participated in multiple shootings of rival gang members.

On August 9, 2017, the Court sentenced Wiltshire to 360 months' plus one day imprisonment. At the time, the applicable mandatory minimum sentence was 30 years.

After the Supreme Court's decision in <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019), the government consented to vacatur of Count Two, and on September 1, 2021, Wiltshire was resentenced on Counts One and Four to 300 months' imprisonment; specifically, 180 months on Count One and 120 months on Count Four, to run consecutively. This constituted a significant downward variance from the Sentencing Guidelines range of 424 to 525 months' imprisonment,[2] and was five years less than the sentence imposed in 2017.

---

[1] In deciding the motion, the Court has considered Wiltshire's motion and attached exhibits (Doc. #620), the government's opposition and attached exhibit (Doc. #622), and Wiltshire's reply (Doc. #626), as well as the underlying record of this case. Wiltshire correctly notes that the government's opposition was submitted three days late. However, the Court granted Wiltshire's request for a lengthy extension of his time to reply, such that he suffered no prejudice from the government's late filing.

[2] The Guidelines range was calculated as follows: 324 to 405 months' imprisonment on Count One, plus 120 months on Count Four.

1

In imposing sentence, the Court took into account the nature and circumstances of the offense—including Wiltshire's participation in the activities of a violent street gang and direct involvement in the Folsom murder and two other shootings—as well as the history and characteristics of the defendant—including that he was 18 at the time he killed Mr. Folsom and 19 at the time of the other shootings, he had endured unusually harsh conditions of confinement during the pandemic, and he had made meaningful efforts to rehabilitate himself while in prison. The Court also took into consideration Wiltshire's expression of sincere remorse, the strong support of his family, and the fact that he had served approximately 19 months in state custody for an offense (criminal possession of a firearm) that was relevant conduct to the offense of conviction and for which the Bureau of Prisons ("BOP") was not going to give him credit against his federal sentence. Pursuant to 18 U.S.C. § 3553(a), the Court found the sentence was sufficient but not greater than necessary to reflect the seriousness of the offense (the most important sentencing factor here), promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.

Wiltshire has been in federal custody since June 2016, which means he has served less than thirty percent of the sentence imposed.

The law does not permit a sentence of imprisonment to be reduced once it has been imposed, except in the rare circumstance in which the Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

Wiltshire argues that his youth at the time of the offense, the harsh conditions of his confinement during the pandemic, and his sincere efforts to rehabilitate himself constitute extraordinary and compelling reasons warranting a reduced sentence. They do not. This is because the Court already took these factors, among others, into account in imposing a sentence that was substantially below the Guidelines range and five years less than the original sentence. To take these same factors into account again would effectively constitute yet another resentencing, which Section 3582(c)(1)(A)(i) does not permit.

Moreover, Wiltshire's harsh conditions of confinement, which were the result of restrictions placed on prisoner movement, visitation, recreation, program participation, and the like, are why the BOP has managed to keep its inmates reasonably safe during the pandemic. This is plainly not an extraordinary or compelling circumstance warranting a reduced sentence. Likewise, Wiltshire's effort to rehabilitate himself is laudable, but it is not extraordinary because it is expected of every federal inmate. And the fact that Wiltshire was 18 when he murdered Mr. Folsom does not make that crime any less callous or brutal. As the Court pointed out at Wiltshire's resentencing, Wiltshire has the opportunity to become a better person and his family has the opportunity to visit him and eventually welcome him home. Those opportunities are not available to Mr. Folsom and his family because of what Wiltshire did to him.

Wiltshire also argues it was unjust to use the racketeering laws to prosecute youthful offenders like himself, and as a result an unduly long and unfair sentence was imposed on him. The Court could not disagree more. The use of these statutes to prosecute members of violent street gangs is entirely appropriate, especially gang members, like Wiltshire, who terrorize the

community by repeatedly committing serious violent crimes to, among other things, preserve the power, territory, and profits of the gang. Moreover, the Court is not persuaded by any of the "authorities" cited in Wiltshire's reply that his sentence was unduly harsh—Wiltshire has not cited any authority, binding or otherwise, for the proposition that a 25-year sentence for a street gang member who shot and killed one person for no good reason, and then later shot at and attempted to kill at least two other persons, all of which was done in furtherance of the gang's racketeering activities, was unduly long or unfair. To the contrary, under the circumstances, the sentence was entirely fair and appropriate.

In short, the factors cited by Wiltshire, whether considered individually or in combination, do not constitute extraordinary or compelling reasons warranting an early release.

In any event, even if Wiltshire had shown extraordinary or compelling reasons, early release would not be warranted. This is because the Section 3553(a) factors continue to weigh strongly against Wiltshire's early release. Although the Court commends Wiltshire on his efforts to rehabilitate himself and urges him to continue to do so, the profoundly serious nature of his offense and the impact of that offense on the victims (particularly Mr. Folsom and his family) fully warranted the 300-month prison sentence at the time it was imposed, and continue to warrant such a lengthy sentence. The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter Wiltshire from future criminal conduct, and protect the public, argues strongly against any reduction of sentence.

Accordingly, the motion for a reduction of sentence is DENIED.

Chambers will mail a copy of this Order to defendant at the following address:

Kevin Wiltshire, Reg. No. 71994-054
USP Canaan
U.S. Penitentiary
P.O. Box 300
Waymart, PA  18472

Dated: June 20, 2023
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge