Copies Mailed/Faxed
Chambers of Vincent L. Briccetti

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/23/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
KEVIN WILTSHIRE,                               :
                              Movant,          :
                                               :
v.                                             :
                                               :
UNITED STATES OF AMERICA,                      :
                              Respondent.      :
-------------------------------------------------------x

ORDER

24 CV 2312 (VB)
14 CR 768-08 (VB)

On March 25, 2024, movant Kevin Wiltshire filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (14 CR 768-08, Doc. #652; 24 CV 2312, Doc. #1) (the "Section 2255 motion").

In a motion dated September 25, 2024, Wiltshire seeks to withdraw his Section 2255 motion "without prejudice."  (14 CR 768-08, Doc. #664; 24 CV 2312, Doc. #9).  By letter dated October 18, 2024, the government states it does not object to the request to withdraw, "provided that the Court agrees that the Government will not be barred from citing the contents of the March 25, 2024 petition in responding to any future petition that the defendant might bring, including on the subject of whether equitable tolling is appropriate."  (14 CR 768-08, Doc. #666; 24 CV 2312, Doc. #11).

The Court construes Wiltshire's motion to withdraw as a motion to dismiss without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Voluntary dismissal without prejudice under Rule 41(a)(2) lies within the discretion of the court.  Catanzano v. Wing, 277 F.3d 99, 109 (2d Cir. 2001).  Courts in the Second Circuit follow a "presumption" that a court should grant dismissal without prejudice "absent a showing that [the] defendant[ ] will suffer substantial prejudice as a result."  Benitez v. Hitachi Metals Am., Ltd., 2012 WL 3249417, at *1 (S.D.N.Y. Aug. 6, 2012).

There is no indication the government will suffer substantial prejudice as a result of dismissing "without prejudice" Wiltshire's Section 2255 motion.  Wiltshire has not been unduly vexatious in bringing and then moving to withdraw the Section 2255 motion, nor is there any concern about the expense of duplicative litigation.  Moreover, Wiltshire acted diligently in moving to withdraw the Section 2255 motion before the Court ruled on the motion.  And Wiltshire's explanation for moving to withdraw—that "[u]pon further thought and research, Defendant no longer wishes to proceed with this motion"—is adequate.  Finally, the government does not object.

Accordingly, movant Kevin Wiltshire's motion to withdraw his Section 2255 motion is GRANTED, and the Section 2255 motion is DISMISSED WITHOUT PREJUDICE.  Nothing in this Order shall be construed to bar the government from citing the contents of the Section 2255 motion in responding to any future petition that the Wiltshire might bring, including on the subject of whether equitable tolling is appropriate.

1

The Clerk is instructed to terminate Docs. ##5, 7, in case no. 24-cv-2312 (VB), as well as Doc. #652 in case no. 14-cr-768-8 (VB).

The Clerk is further instructed to close case no. 24-cv-2312 (VB).

Finally, the Clerk is instructed to mail a copy of this Order to movant Wiltshire at the address on the docket in case no. 24-cv-2312 (VB).

Dated:  October 23, 2024
        White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge